### SCHMIDT *v.* STEINWAY & H. P. R. Co.

*(Supreme Court, General Term, Second Department.    July 18, 1890.)*

CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

Where, in an action for personal injuries, the question of plaintiff's contributory negligence is fairly submitted to the jury, their verdict must control.

Appeal from special term, Kings county.

Action for personal injuries, by Otto Schmidt against the Steinway & Hunter's Point Railroad Company. Plaintiff was engaged in excavating a sewer which ran along-side of defendant's car-track. A section of sewer-pipe was set up between the sewer and the track, for the purpose of making a guard around the excavation. One of defendant's cars came by this piece of pipe, and knocked it into the sewer, on plaintiff, causing the injuries. Judgment for plaintiff. Defendant appeals. For former report, see 8 N. Y. Supp. 664, and 9 N. Y. Supp. 939.

Argued before BARNARD, P. J., and PRATT and DYKMAN, JJ.

*Foster & Foster,* (*W. J. Foster,* of counsel,) for appellant. *M. L. Towns,* for respondent.

DYKMAN, J. Upon the first trial of this action the complaint of the plaintiff was dismissed at the circuit, and appeal was taken to this court, and we decided that the case was a proper one for the determination of a jury. Under such decision a new trial has now been had, and the jury has rendered a verdict for the plaintiff. The cause was tried without an error, and the charge of the trial judge laid a heavy burden upon the plaintiff; but it was successfully sustained, and we cannot interfere. The judgment and order denying a motion for a new trial should be affirmed, with costs.

PRATT, J. Most of the questions upon which this appeal depends were so fully considered on a former appeal as to require no further discussion. It is now urged that, as plaintiff himself adjusted the block upon which was placed the pipe whose fall caused the injury, he must be regarded as guilty of contributory negligence. One answer to this suggestion is that there is no reason to suppose the block was improperly placed. The plaintiff was at the bottom of the sewer, necessarily depending upon those above him for instructions how to place the block; and, plainly the block could not be so placed that a blow from the moving car would not displace the pipe. Moreover, the question of contributory negligence was fairly submitted to the jury. Their verdict must control. The foreman does not testify that in this instance he gave orders to the driver to start his car. But, if he did, defendants cannot avail themselves of his negligence to defeat this action. Negligence of a fellow-servant is not defense except for the common employer. Judgment affirmed, with costs.